```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JESSE DERRICK BOND              :      CIVIL ACTION
                                :
          v.                    :
                                :
CONNOR BLAINE, JR., et al.      :      NO. 01-cv-02624-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                    April 25, 2006

      Petitioner, convicted of second degree murder and sentenced to life imprisonment, has petitioned this court for a writ of habeas corpus. The magistrate judge to whom the case was referred for report and recommendation has recommended that the petition be denied with prejudice, because it was not timely filed. Petitioner has filed objections to the magistrate's report. Decision of this case has been delayed pending disposition of the habeas petition filed by this same petitioner in a related case, in which petitioner was convicted of capital murder and sentenced to death (02-cv-08592).

      In this case, the defendant was convicted of second degree murder on December 4, 1992, and sentenced to life imprisonment on July 27, 1993. After his appeals were rejected, the state court judgment became final as of June 13, 1995. Since that date preceded enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), petitioner was permitted a one-year grace period after the effective date of that statute in

which to file for habeas relief.  Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).  This grace period expired on April 23, 1997.

Mr. Bond did, in fact, attempt to seek relief under the PCRA on January 14, 1997, but his application was filed on the wrong form, and was notably incomplete: Mr. Bond failed to identify his criminal case or specify any grounds for relief.  Someone in the Prothonotary's Office promptly notified Mr. Bond that his application could not be considered, and that it would not be docketed unless and until he filed a corrected application.  Unfortunately, Mr. Bond took no further action until April 22, 1998, when he filed a second PCRA petition.  The trial court dismissed that application as untimely on May 11, 1998.  The Superior Court affirmed the dismissal on December 27, 1999, and the Pennsylvania Supreme Court denied allocatur on July 20, 2000.

On May 29, 2001, Mr. Bond filed the *pro se* Petition for Writ of Habeas Corpus which is now before this court.  A magistrate judge has recommended that the petition be dismissed as untimely.  In the interim, counsel was appointed for Mr. Bond, and an Amended Petition for Writ of Habeas Corpus was filed on June 14, 2002.

It is apparent, and undisputed, that the present action was filed more than four years after the AEDPA deadline, and must be dismissed as untimely unless there was a properly-filed

application for collateral relief pending in the state courts sufficient to toll the statute of limitations and render the May 29, 2001 habeas filing timely, or unless petitioner is entitled to equitable tolling of the limitations period.

      I conclude that the magistrate judge has properly rejected both forms of tolling.  Regardless of whether the rejection of petitioner's original application to the state court was or was not brought about by a properly-authorized official, there can be no doubt that the application was not docketed, and petitioner was advised that it would not be docketed.  It follows that the application was not "properly filed" within the meaning of the AEDPA tolling provision.  And, obviously, the application was not "pending" during any part of the relevant time-period.  Therefore, statutory tolling is not available.

      Being required to tender an application which alleged grounds for relief scarcely constitutes an "extraordinary circumstance" preventing petitioner from complying with the statutory deadline.  And, as the magistrate judge has correctly pointed out, petitioner cannot be said to have acted with reasonable diligence.  He waited more than a year before attempting to remedy the inadequacies of his first application for PCRA relief; his application to this court was filed approximately 18 months after the Superior Court had dismissed

his PCRA petition, and almost a full year after the Supreme Court denied allocatur.

For all of these reasons, I will approve the recommendation of the magistrate judge.

An Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSE DERRICK BOND | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CONNOR BLAINE, JR., et al. | : | NO. 01-cv-02624-JF |

ORDER

AND NOW, this 25th day of April 2006, upon consideration of the Report and Recommendation of Magistrate Judge Melinson, and petitioner's objections, IT IS ORDERED:

1. The Report and Recommendation of the United States Magistrate Judge is APPROVED and ADOPTED.

2. The Petition of Jesse Derrick Bond for a Writ of Habeas Corpus is DISMISSED, with prejudice, as untimely filed.

3. A certificate of appealability is DENIED.

BY THE COURT:


/s/ John P. Fullam
John P. Fullam, Sr. J.